IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Jermall Bomar,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | CV-08-769-PHX-ROS (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus. (docket # 1) Respondents filed an Answer asserting that the Petition should be dismissed as untimely. (dockets # 13, 14) Respondents alternatively assert that Petitioner's claims are procedurally defaulted. (*Id*.) Petitioner has filed a Reply disputing Respondents' assertions. (docket # 15) For the reasons set forth below, the Petition should be dismissed as untimely and, therefore, the Court need not address the procedural bar issue.

**I. Factual and Procedural Background**

On September 30, 1998, the State of Arizona charged Petitioner with one count of first degree murder, a class 1 felony; one count of kidnapping, a class 2 felony; one count of sexual assault, a class 2 felony; one count of armed robbery, a class 2 felony; one count of first degree burglary, a class 2 felony; and one count of theft, a class 3 felony. (Respondents' Exh. A) The State also alleged three prior felony convictions, and noticed its intent to seek the death penalty if Petitioner was convicted of first degree murder. (Respondents' Exh. B)

1    On January 29, 2001, Petitioner and the State entered into a written plea
2 agreement whereby Petitioner agreed to plead guilty to first degree murder.  In exchange for
3 Petitioner's plea, the State dismissed the remaining charges, and stipulated to a sentence of
4 natural life imprisonment.  (Respondents' Exhs. C, D)  On March 2, 2001, the trial court[1]
5 accepted Petitioner's guilty plea and imposed the stipulated sentence of natural life in prison.
6 (Respondents' Exh. D)

7    On November 9, 2004, Petitioner filed a "delayed" notice of post-conviction
8 relief pursuant to Ariz.R.Crim.P. 32.  (Respondents' Exh. E)  Petitioner explained that the
9 "reasons for no previous petition is because of Defendant's mental defects."  (Respondents'
10 Exh. E at 3)  On December 16, 2004, the trial court dismissed the notice as untimely.
11 (Respondents' Exh. F)  Petitioner did not seek review in the Arizona Court of Appeals.[2]

12    On September 26, 2006, Petitioner filed a second notice of post-conviction relief
13 pursuant to Ariz.R.Crim.P. 32.  (Respondents' Exh. G)  Petitioner simultaneously filed a
14 petition for post-conviction relief alleging that: (1) trial counsel was ineffective because he
15 induced Petitioner to plead guilty despite his "diminished capacity" and "very low IQ;" (2)
16 the prosecutor "abused his discretion" by "exploiting the unlawful plea," resulting in
17 "prosecutorial misconduct" in violation of his 14th Amendment due process and equal
18 protection rights; (3) his Eighth Amendment rights were violated "due to improper/excessive
19 sentencing;" and (4) his sentences were "illegal" under "*Apprendi* [and] *Blakely*."
20 (Respondents' Exh. H)

21    To excuse his untimely filing, Petitioner claimed that he had requested that
22 counsel file a notice of post-conviction relief in 2001, but that counsel had failed to do so.
23 (Respondents' Exh. H)  On October 17, 2006, the trial court dismissed the notice as
24 untimely.  The court rejected Petitioner's assertion regarding a 2001 notice of post-

---

[1] The Honorable Penny L. Willrich presided.

[2] Petitioner asserts that he filed a petition for review with the Arizona Court of Appeals on July 13, 2005.  However, the record does not support this assertion.  (docket # 13 at 2, n. 1)

conviction relief. The court noted that at the time of sentencing, Petitioner was advised that "it was his responsibility to file the notice within the 90-day period." (Respondents' Exh. I) The court concluded that Petitioner "failed to provide the Court with meritorious reasons why the failure to timely file the notice was without fault on his part, as required by Rule 32.1(f) of the Arizona Rules of Criminal Procedure." (Respondents' Exh. I)

Petitioner also argued that his *Blakely* claim should be excused from the timeliness requirement pursuant to Ariz.R.Crim.P. 32.4(a) and 32.1(g) which excuse an otherwise untimely filing if "[t]here has been a significant change in the law that if determined to apply to a defendant's case would probably overturn the defendant's conviction or sentence." Ariz.R.Crim.P. 32.1(g). The court rejected Petitioner's claim finding that *Blakely* did not apply to Petitioner's sentence. (Respondents' Exh. I)

On November 21, 2006, Petitioner filed a petition for review of the trial court's order dismissing his Rule 32 petition with the Arizona Court of Appeals. (Respondents' Exh. J) Petitioner raised the same prosecutorial misconduct and *Blakely* claims that he had raised in his petition for post-conviction relief, and again asserted that trial counsel was ineffective in coercing him to accept a guilty plea. (Respondents' Exh. J) Additionally, Petitioner asserted several new claims of ineffective assistance of counsel: (1) counsel failed to confer with Petitioner to "discuss the case, defenses, plea negotiations or anything related to the case," including "all significant plea proposals made by the prosecutor, as well as all outcomes;" (2) counsel failed to "present or advise him of all defenses that he may have been able to present in his case;" (3) counsel failed to "conduct a reasonable investigation into his case;" (4) counsel failed to "present all mitigating evidence or arguments at the time of sentencing," including "mental health records;" (5) counsel failed to "act as his attorney;" (6) counsel failed to "file any post-trial motions;" and (7) counsel failed to timely file his first Rule 32 notice. (Respondents' Exh. J)

On September 12, 2007, the Arizona Court of Appeals denied review without comment. (Respondents' Exh. K) Petitioner asserts that he sought review in the Arizona Supreme Court on February 19, 2008. (docket # 1 at 3) Petitioner does not submit any

- 3 -

1  evidence in support of his statement.  Respondents advise the Court that the Arizona
2  Supreme Court does not have a record of such a petition.  (docket # 13 at 4)
3       Thereafter, on April 22, 2008, Petitioner filed the pending Petition for Writ of
4  Habeas Corpus raising the following claims: (1) his sentence is "disproportionate and
5  excessive" in violation of the Eight Amendment's prohibition against cruel and unusual
6  punishment; (2) his First and Fifth Amendment rights were violated when (a) he was
7  "convicted of violating a statute that was unconstitutionally vague and overbroad;" (b) he
8  was "convicted as the result of an unconstitutionally selective prosecution;" (c) the "State
9  unreasonably delayed in bringing Petitioner to trial;" (d) he was "convicted on the basis of a
10 statute which punished status rather than criminal conduct;" (e) the charges and resulting
11 conviction were "the result of prosecutorial vindictiveness based [on] Petitioner's exercise
12 of a legal right," (f) his conviction "was obtained as a result of prosecutorial misconduct;"
13 and (g) "judicial bias contributed to Petitioner's conviction;" (3) his Sixth Amendment right
14 to effective assistance of counsel was violated when (a) trial counsel "had a conflict of
15 interest which materially compromised the defense;" (b) trial counsel failed "to conduct a
16 reasonable pre-trial investigation;" and (c) trial counsel "so utterly failed to defend against
17 the charges that the trial was the functional equivalent of a guilty plea."  (docket # 1)
18 Respondents have filed an Answer (docket # 13) to which Petitioner has replied.  (docket #
19 15)

## II.  Statute of Limitations

Respondents assert that the Petition should be dismissed as untimely.  Petitioner disputes this assertion.  The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996 established a one year statute of limitations for filing a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  Because Petitioner filed his Petition after the effective date of the AEDPA, it governs this action.  *Lindh v. Murphy*, 521 U.S. 320, 327 (1997).

### A. Commencement of Limitations Period

The AEDPA's one-year limitations period runs from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C. § 2244(d)(1).

To assess the timeliness of Petitioner's Petition for Writ of Habeas Corpus, the Court must first determine the date on which Petitioner's conviction became "final by conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). In making this determination, it is significant that by pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. A.R.S. § 13-4033(B); Ariz.R.Crim.P. 17.1(e). Petitioner, however, retained the right to seek review in an "of-right" proceeding pursuant to Ariz.R.Crim.P. 32. Ariz.R.Crim.P. 32.1, 32.4. The Ninth Circuit has held that when an Arizona defendant pleads guilty, the AEDPA's one-year statute of limitations begins to run at "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [at] the expiration of the time for seeking such proceeding or review." *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007).

Here, Petitioner pled guilty and was sentenced on March 2, 2001. (Respondents' Exh. D) Under Ariz.R.Crim.P. 32, Petitioner had ninety days from the entry of judgment and sentence, or until May 31, 2001, to file a notice of relief under Rule 32. Ariz.R.Crim.P. 32.1, 32.4(a)(stating that "[i]n a Rule 32 of-right proceeding the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding.") Petitioner, however, did not file a notice of within that time. Accordingly, AEDPA's one-year statute of limitations began to run on June 1, 2001, upon "the expiration of the time for seeking [Rule 32] relief." *Summers*, 481 F.3d at 711. The limitations period expired on June 1, 2002 and, therefore, Petitioner's Writ of Habeas Corpus filed on April 22, 2008 is untimely unless tolling applies.

**B. Tolling the Limitations Period**

**1. Statutory Tolling**

The AEDPA one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999)(stating that an application for collateral review is pending in State court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.") This time period includes the intervals between the disposition of an appeal or post-conviction petition and the filing of an appeal or successive petition at the next state appellate level. *Nino*, 183 F.3d at 1006. However, the ADEPA limitations period is "not tolled from the time a final decision issued on a state direct appeal and the time the first state collateral challenge is filed because there is no case pending during that interval." *Nino*, 183 F.3d at 1006. *See also*, *Curtiss v. Mt. Pleasant Correctional Facility*, 338 F.3d 851, 854 (8th Cir. 2003)(no tolling during the time between the completion of direct review and the initiation of post-conviction proceedings).

Petitioner's first notice of post-conviction relief filed on November 9, 2004 did not toll the AEDPA limitations period. Petitioner filed his notice of post-conviction relief more than two years after the statute of limitations period expired. (Respondents' Exh. E) Similarly, Petitioner filed a second notice of post-conviction relief on September 26, 2006, more than four years after the statute of limitations had expired. (Respondents' Exh. G)

Because the AEDPA statute of limitations had already run by the time Petitioner filed his first and second notices of post-conviction relief, neither of these filings tolled the limitations period. Once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Section 2244(d)(2) cannot "revive 'the limitation period (i.e. restart the clock to zero); it can only serve to pause a clock that has not yet fully run. Once the limitation period is expired, collateral petitions can no longer serve to avoid a

1  statute of limitation.'" *Johnson v. Galaza*, No. C 00-0450 CRB (PR), 2001 WL 125312, * 1
2  (N.D.Ca., Feb. 7, 2001)(quoting *Rashia v. Kuhlman*, 991 F.Supp. 254, 259 (S.D.N.Y.
3  1998)). *See also*, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)(holding that
4  "section 2244(d) does not permit reinitiation of the limitations period that has ended before
5  the state petition was filed."); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) (stating
6  that state post-conviction relief action, filed after the statute of limitations had expired, "did
7  not cause the statute to begin running anew when the state court denied the motion."); *Fisher*
8  *v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir. 2001) (there is no tolling for state post-
9  conviction review filed after the expiration of the statute of limitations); *Tinker v. Moore,*
10 255 F.3d 1331, 1333 (11th Cir. 2001) (state petition filed after the expiration of the statute of
11 limitations does not reinitiate the statute).

12        Because statutory tolling is unavailable, the AEDPA limitations period expired
13 on June 1, 2002[3]. Petitioner did not file his pending § 2254 petition until April 22, 2008,
14 nearly six years after the AEDPA limitations period expired. Accordingly, the pending
15 Petition should be dismissed as untimely unless equitable tolling applies.

16        **2. Equitable Tolling**
17        *a. Bowles v. Russell*
18        The Ninth Circuit has applied the doctrine of equitable tolling to the AEDPA
19 limitations period. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Respondents
20 argue that the Supreme Court's decision in *Bowles v. Russell*, ___ U.S. ___ , 127 S.Ct. 2360

---

[3] Even assuming statutory tolling applied during Petitioner's first Rule 32 proceedings, his § 2254 petition is still untimely. Petitioner claims that he filed his first notice of post-conviction for relief on March 3, 2001. Nothing in the record supports this assertion. For purposes of this discussion, however, the Court assumes that statement is true. Thus, Petitioner would be entitled to statutory tolling from March 3, 2001 to January 15, 2005. The limitations period ran for 618 days between the conclusion of the first Rule 32 proceedings and the date he commenced his second Rule 32 proceedings on September 26, 2006. Thus, Petitioner's second post-conviction proceedings could not toll the limitations period which expired well before April 22, 2008 when the instant petition was filed.

1  (2007), established that the AEDPA statute of limitations is jurisdictional and not subject to
2  equitable tolling. The Court disagrees.

3  In *Bowles*, the Supreme Court held that the timely filing of an appeal in a civil
4  case is a jurisdictional requirement. *Id.* at 2366. The *Bowles* Court reasoned that because
5  federal statutes set forth time limits on filing a notice of appeal and reopening the appeal
6  period, Congress intended to preclude a court from exercising jurisdiction over otherwise
7  legitimate cases after a ceratin period of time had elapsed after final judgment. *Id.*

8  Similar to the federal statutes at issue in *Bowles*, the AEDPA establishes time
9  limits on when a petitioner may file a petition for writ of habeas corpus. 28 U.S.C.§
10 2244(d)(1). The Supreme Court has twice denied *certiorari* on the issue of whether these
11 limits are jurisdictional. *See David v. Hall*, 540 U.S. 815 (2003); *Flanders v. Graves*, 537
12 U.S. 1236 (2003). The Supreme Court has noted that it has never squarely addressed
13 whether equitable tolling applies to the AEDPA's statute of limitations. *Lawrence* v.
14 *Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007). Accordingly, whether the AEDPA is
15 subject to equitable tolling remains an open question. However, several recent decisions in
16 the District of Arizona have followed the Second Circuit in holding that *Bowles* does not
17 apply to the AEDPA. *See, Perea v. Schriro,* No. 07-2028-PHX-ROS, 2008 WL 2039404, *
18 1 (D.Ariz. May 12, 2008); *Hernandez v. Arpaio*, CV-07-1712-PHX-DGC, 2008 WL
19 370900, * 2 (D.Ariz., Feb. 11, 2008)(citing *Diaz v. Kelly*, 515 F.3d 149, 153-54 (2nd Cir.
20 2008)). The Court follows these District of Arizona cases in concurring with the Second
21 Circuit's analysis in *Diaz* and holding that *Bowles* does not apply to the AEDPA:

> [I]t would be an unwarranted extension of *Bowles* to think that the Court was impliedly rendering equitable tolling inapplicable to limitations periods just because they are set forth in statutes. Since a statute of limitations is a defense, *see* Fed.R.Civ.P. 8(c), it has not been regarded as jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205, 126 S.Ct. 1675, 164 L.Ed. 2d 376 (2006)(AEDPA limitations period), and has been subject to equitable tolling, *see Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). We think it remains so after *Bowles*.
>
> The Supreme Court's recent decision is *John R. Sand & Gravel Co. v. United States*, ___ U.S. ___, 128 S.Ct. 750, 169 L.Ed. 591 (2008), confirms our view. The Court there noted that most limitations periods are non-jurisdictional affirmative defenses and are subject to equitable tolling, *see*

- 8 -

> *id.* at 753-54, and viewed the limitations period governing suits against the United States in the Court of Federal Claims as jurisdictional only because a long line of prior decisions had so held and were entitled to adherence under principles of *state decisis, see id.* at 756.

*Diaz*, 515 F.3d at 153-54. *See also, Lawrence v. Florida*, __ U.S. ___, 127 S.Ct. 1079, 1085 (2007)(assuming, without deciding, that equitable tolling applies to federal proceedings.)

Regardless of the resolution of this issue, as Respondents alternatively argue, Petitioner does not satisfy the requirements for equitable tolling. The Ninth Circuit has held that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled, in part, on other grounds by*, *Calderon v. United States Dist. Ct. (Kelly)* 163 F.3d 530, 540 (9th Cir. 1998).

The Supreme Court has avoided deciding whether the AEDPA's statute of limitations may be equitably tolled. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). However, because the parties in *Pace* had argued on the basis that it could, the Court assumed that equitable tolling applies and observed that a petitioner seeking equitable tolling must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)(affirming denial of equitable tolling because neither the district court's failure to advise the petitioner of the right to amend his petition to include unexhausted claims nor petitioner's inability to correctly calculate the limitations period were extraordinary circumstances warranting equitable tolling); *Ballesteros v. Schriro*, CV-06-675-EHC (MEA), 2007 WL 666927 (D.Ariz., February 26, 2007)(noting that a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances)(citing *Fisher v. Johnson*, 174 F.3d 170, 714-15 (5th Cir. 1999); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004)(holding that petitioner's misunderstanding of

state's "rules, statutes, and the time period set forth therein do not justify equitable tolling."). "[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)(quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (9th Cir. 1999)). *See also*, *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986)(finding that a *pro se* prisoner's illiteracy was not sufficient to satisfy the standard of an objective, external factor amounting to "cause" for purposes of avoiding the procedural bar on his habeas claim).

Likewise, Petitioner's status as a prison inmate does not constitute an extraordinary circumstance beyond his control warranting the tolling of the one-year limitations period. *Marsh*, 223 F.3d at 1220. The ordinary difficulties inherent in prison life do not constitute extraordinary circumstances sufficient to toll the AEDPA limitations period. *Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005)(stating that "[e]ach of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or occasionally, by the petitioner's counsel.")

Even if Petitioner demonstrated extraordinary circumstances, equitable tolling is not available because he has not met his burden of showing that he has been pursuing his rights diligently. *Pace,* 544 U.S. at 418; *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005)(stating that petitioner bears the burden of demonstrating grounds for equitable tolling); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 1992). It is only when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas petition that equitable tolling may be appropriate. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is not permissible if the claimant has failed to exercise due diligence in preserving his legal rights, *Pace*, 544 U.S. at 418.

In *Pace*, the Supreme Court noted that although Petitioner's claims were available in 1986 and 1991, he "waited years without any valid justification" to assert those claims in an untimely state petition. *Pace*, 544 U.S. at 418. Because Petitioner sat "on his rights for years before he filed his [state] petition" and "also sat on them for five more

- 10 -

months after his [state] proceedings became final before deciding to seek relief in federal court, the Court concluded that Petitioner's lack of diligence precluded equitable relief. *Id.*

Similar to *Pace*, Petitioner is not entitled to equitable tolling on any basis because he failed to exercise diligence in pursuing his claims. *Pace*, 544 U.S. at 418. *See also*, *Johnson v. United States*, 544 U.S. 295, 311 (2005)(finding that petitioner did not diligently pursue his claims where he did not commence state post-conviction proceedings until three years after judgment was entered and 21 months after the AEDPA's effective date); *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003)(finding that petitioner was not entitled to equitable tolling due to his lack of diligence); *Johnson v. McCaughtry*, 265 F.3d 559, 565-66 (7th Cir. 2001)(holding that petitioner did not exercise diligence because he had no motions or cases pending in state or federal court during three intervals totaling 364 days); *Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001)(finding no equitable tolling where petitioner waited over two years after his conviction became final (and ten months after the AEDPA's effective date) to file his first habeas petition).

Petitioner waited nearly seven years after judgment became final in his underlying criminal case to file his federal petition for writ of habeas corpus. (docket # 1) Petitioner was convicted and sentenced on March 2, 2001. He claims that he requested that counsel file a notice of post-conviction relief on March 3, 2001. The record contains no evidence to support this assertion. Rather, the record indicates that Petitioner did not file his first notice of post-conviction relief until November 9, 2004. (Respondents' Exh. E) Even if Petitioner had requested counsel to file such a notice in 2001, Petitioner does not allege that he ever inquired of counsel or the trial court regarding the status of the Rule-32 notice that was supposed to have been filed in 2001. Rather, Petitioner sat idle for over three years after his conviction became final. Then, after the conclusion of his first post-conviction proceedings in December of 2004, Petitioner again took no action for nearly two years until he filed his second notice of post-conviction relief on September 26, 2006. The record does not support a finding of diligence.

1  Petitioner fails to demonstrate that he diligently pursued his rights and that an
2  "extraordinary circumstance" prevented him from filing a timely petition. *Pace,* 544 U.S. at
3  418. Accordingly, there is no basis for equitably tolling the AEDPA statute of limitations
4  and the Petition should be dismissed as untimely.

**III.  Summary**

Because Petitioner's habeas petition is untimely under the ADEPA and equitable tolling is not justified, the Court does not address the merits of Petitioner's claims, or Respondents' contention that his claims are procedurally defaulted.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (docket # 1) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 20th day of August, 2008.

_____
Lawrence O. Anderson
United States Magistrate Judge