IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Jermall Bomar,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV-08-769-PHX-ROS<br><br>**ORDER** |

    On August 20, 2008, Magistrate Judge Lawrence O. Anderson filed a Report and Recommendation recommending Petitioner's Petition for Writ of Habeas Corpus be denied (Doc. 16). For the reasons below, the report and recommendation will be adopted.

**Background**

    On January 29, 2001 Petitioner pled guilty to first-degree murder in Maricopa County, Arizona and, on March 2, 2001, a state trial judge sentenced him to life imprisonment without the possibility of parole. (Resp't Ex. D). On September 26, 2006, Petitioner filed a petition for post-conviction relief in Maricopa County Superior Court, pursuant to Arizona. R. Crim. P. 32, and alleged four grounds for relief: (1) Petitioner's trial counsel was ineffective in violation of the Fifth and Sixth Amendments of the U.S. Constitution; (2) the prosecutor in Petitioner's case committed misconduct in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution; (3) Petitioner's sentence was cruel and unusual in

1 violation of the Eighth Amendment of the U.S. Constitution; and (4) Petitioner's sentence
2 was "illegal" under the Supreme Court decisions "*Apprendi* [and] *Blakely*." (Resp't Ex. H).
3 On October 17, 2006, the Superior Court dismissed Petitioner's petition as untimely. (Resp't
4 Ex. I). On November 31, 2006, Petitioner filed a petition for review before Division One of
5 the Arizona Court of Appeals, which denied review. (Resp't Ex. J, K).

6 In his petition for writ of habeas corpus filed with this Court on April 22, 2008,
7 Petitioner sought relief pursuant to grounds 1-3 listed above. Petitioner also alleged the state
8 unconstitutionally delayed his trial, the state court convicted him under an unconstitutionally
9 vague statute, and judicial bias contributed to his conviction, among other charges. The
10 Arizona Attorney General's Office filed a response, with exhibits, on July 21, 2008 and, on
11 August 20, 2008, a Magistrate Judge recommended the dismissal of Petitioner's habeas
12 application for untimeliness. On September 4, 2008, Petitioner, filing an objection to the
13 Magistrate's report and recommendation, claimed extraordinary circumstances,
14 misrepresentation on the part of his criminal trial attorney, excused the untimeliness of his
15 habeas application..

**Standard**

17 A "district judge may refer dispositive pretrial motions and petitions for writ of habeas
18 corpus to a magistrate, who shall conduct appropriate proceedings and recommend
19 dispositions." Thomas v. Arn, 474 U.S. 140, 141 (1985); see 28 U.S.C. § 636(b)(1)(B);
20 Estate of Connors v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and
21 file written objections" to the Magistrate's report and recommendation. 28 U.S.C. §
22 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the
23 report or specified findings or recommendations to which objection is made." Id. A district
24 judge "may accept, reject, or modify, in whole or in part, the findings or recommendations
25 made by the magistrate." 28 U.S.C. § 636(b)(1).

26 Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an
27 inmate in state custody cannot file an application for writ of habeas corpus more than one
28

1 year from "the date on which the judgment became final by the conclusion of direct review
2 or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

### Discussion

4 After a *de novo* review of the record, the Court will adopt the Magistrate Judge's report
5 and recommendation. Pleading guilty to first degree murder, Petitioner waived his right to
6 seek a direct appeal and had 90 days (May 31, 2001) to seek post-conviction relief in state
7 court. See Ariz. R. Crim. P. 17.1(e), 32.1, 32.4(a). When Petitioner failed to apply for post-
8 conviction relief within 90 days of his plea, the AEDPA statute of limitations started to run
9 and expired on June 1, 2002. See Summers v. Schriro, 481 F.3d 710, 716-17 (9th Cir. 2007).
10 Once the AEDPA statute of limitation expired, Petitioner's subsequently filed petition for
11 state post-conviction relief, filed almost six years after the limitation had run, neither revived
12 nor tolled the limitation period. See Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Nor
13 do Plaintiff's circumstances suggest that equitable tolling of the limitation was appropriate.
14 See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (habeas petitioner's lack of
15 legal experience or assistance is not an extraordinary circumstance to justify equitable tolling
16 of the AEDPA one-year filing requirement); Marsh v. Soares, 223 F.3d 1217, 1220-21 (9th
17 Cir. 2000) (incarceration and its attendant hardships do not qualify as an extraordinary
18 circumstance); Pace v. DiGuglielmo, 544 U.S. 408, 418-19 (2005) (diligence is lacking and
19 equitable tolling is inappropriate when an inmate waits for years to assert his state post-
20 conviction and federal habeas corpus rights). Although Petitioner attempts to justify his
21 failure to file a timely habeas petition with his trial counsel's alleged failure to submit a timely
22 petition for post-conviction relief in state court, the Court sees no connection between the two
23 events.

27 Accordingly,

1   **IT IS ORDERED** the Report and Recommendation (Doc. 16) is **ADOPTED** and the
2   Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH**
3   **PREJUDICE**.  The Clerk of Court shall close this case.

5   DATED this 11th day of September, 2008.

_____
Roslyn O. Silver
United States District Judge